UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS ARMANDO ZAMBRANO VIVAS,

Petitioner(s),

v.

WARDEN NORTHWEST ICE
PROCESSING CENTER, et al.,

Respondent(s).

CASE NO. C26-1011-KKE

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND AMENDING THE SCHEDULING
ORDER

Petitioner, representing himself, previously filed a motion for temporary restraining order along with his petition for writ of habeas corpus. Dkt. Nos. 1, 2. The Court terminated that motion because he filed the motion before he had paid the case filing fee or filed an application for a fee waiver. Dkt. No. 4.

Now that Petitioner has paid the filing fee, the motion for temporary restraining order has been reactivated and the Court now DENIES it. Dkt. No. 2. Petitioner's motion requests that the Court stay Petitioner's removal while his habeas petition is pending, but he has not shown that he is entitled to this extraordinary relief. Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND AMENDING THE
SCHEDULING ORDER - 1

Here, although Petitioner contends that he is likely to suffer irreparable harm if he is removed while his petition is pending, the Court's scheduling order requires the Government to provide notice before any removal or transfer. *See* Dkt. No. 6. The Court finds that this order provides adequate protection against imminent, irreparable harm in the form of transfer or removal while the petition is pending.

Moreover, because Petitioner is representing himself and filing and receiving materials by mail, the Court AMENDS the scheduling order (Dkt. No. 6) in the following respects to allow him sufficient time to file a reply and receive notice:

1. Petitioner's reply deadline of April 22, 2026, is EXTENDED to May 6, 2026. The Government shall note its response for May 6, 2026.

2. The Government shall provide Petitioner notice one week (168 hours) before any action to move or transfer him from the Western District of Washington or to remove him from the United States. Any such notice shall be filed on the docket.

Dated this 3rd day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND AMENDING THE SCHEDULING ORDER - 2