UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS ARMANDO ZAMBRANO VIVAS,<br><br>　　　　　　　Petitioner(s),<br><br>　　v.<br><br>WARDEN NORTHWEST ICE<br>PROCESSING CENTER, et al.,<br><br>　　　　　　　Respondent(s). | CASE NO. C26-1011-KKE<br><br>ORDER TRANSFERRING CASE |

Petitioner initiated this 28 U.S.C. § 2241 immigration habeas corpus petition to obtain release from immigration detention or a bond hearing. Dkt. No. 5. After curing a deficiency, Petitioner's habeas petition was filed on April 3, 2026. *Id.* On April 6, 2026, the Government filed a Notice of Intent to Remove, informing the Court that U.S. Immigration and Customs Enforcement ("ICE") moved Petitioner from the Northwest ICE Processing Center ("NWIPC") to a detention center in Florence, Arizona on April 2, 2026. Dkt. No. 9. Accordingly, Petitioner was not detained in this District when his petition was filed.

The habeas statute permits the Court to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Supreme Court has held that this language requires that, as a general rule, habeas "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Because Petitioner had been transferred and was no longer confined in this District at the time his petition was filed, this Court lacks jurisdiction over his

ORDER TRANSFERRING CASE - 1

petition. Petitioner is now confined in Florence, Arizona, which is located in the District of Arizona. *See* 28 U.S.C. § 82 ("Arizona constitutes one judicial district.").

The Court finds that transfer, rather than dismissal, is the appropriate course of action in this case. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court "in which the action … could have been brought at the time it was filed[.]" 28 U.S.C. §1631. The civil case will then "proceed as if it had been filed in … the court to which it is transferred[.]" *Id.* Transfer to the District of Arizona, rather than dismissal, is in the interests of justice because dismissal would result in unnecessary delay while Petitioner refiles his petition.

Accordingly, the Clerk is DIRECTED to transfer this case to the District of Arizona for all further proceedings. The Clerk is further directed to close this case after transferring it.

Dated this 7th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TRANSFERRING CASE - 2